# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>SIMON CHU and CHARLEY LOH,<br>　　　Defendants. | CR 19-193 DSF<br><br>Order DENYING Motions to Dismiss (Dkt. 80, 81) |

　　　Defendants Simon Chu and Charley Loh have filed two motions to dismiss Counts 1 and 2 of the Indictment. In their first motion, Defendants argue that the Counts are barred by the statute of limitations. In the second, they argue that the Counts are barred because 15 U.S.C. § 2064(b) is unconstitutionally vague.

<u>Statute of Limitations</u>

　　　The statute of limitations motion presents two questions. The first is whether the tolling agreement covering the prosecution of this case encompasses the conspiracy charge – Count 1 of the Indictment. The second is whether the failure to report charge – Count 2 of the Indictment – is a continuing offense for the purposes of the statute of limitations.

　　　The Court has little trouble concluding that the tolling agreement encompasses a conspiracy charge pertaining to the conduct described in the agreement. The tolling agreement's scope might or might not be unambiguous in some cases, but the Court finds that its scope does

unambiguously include a potential conspiracy charge. The agreement concerned:

> an investigation of [Defendant] related to allegations that [Defendant] and entities for which [Defendant] was an officer, employee, or agent may have violated various federal criminal statutes in connection with the manufacture, marketing, sale, and distribution of Gree dehumidifiers.

Ex. A, ¶ 1.

The tolling agreement further noted that:

> [s]uch violations of federal law may include, but are not necessarily limited to, violations of 18 U.S.C. §§ 1341, 1343 (mail and wire fraud), 18 U.S.C. § 545 (importation of goods contrary to law), and 15 U.S.C. § 2068 (Consumer Product Safety Act) in connection with the manufacture, marketing, sale and distribution of Gree dehumidifiers.

Ex. A, ¶ 2.

In accordance with that, the parties agreed:

> to toll the applicable statutes of limitations for the offenses described in Paragraphs One and Two for the time period from the Effective Date of this Agreement through and including April 12, 2018 (the "Tolling Period") for the conduct described in Paragraphs One and Two [sic].

Ex. A, ¶ 3.

In order to make their argument, Defendants attempt to rewrite ¶ 2 to limit the tolling agreement to the specifically enumerated statutes in that section. They then point out that conspiracy is not among them. But ¶ 2 states that the "violations of federal law" covered by the tolling agreement "may include, but are not necessarily limited to" violations of the specified statutes. Whatever the ultimate breadth

2

of this might be, inchoate crimes directly related to the enumerated crimes are the most obvious offenses this language refers to.

As for the second issue, consistent with other courts that have considered the question in the civil context, the Court finds that a violation of the reporting requirements of the Consumer Product Safety Act, 15 U.S.C. § 2064(b), is a continuing violation for the purposes of the statute of limitations.

The violation of a statute is not a continuing one "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." Toussie v. United States, 397 U.S. 112, 115 (1970).

The Seventh Circuit has considered the precise question presented here – whether a failure to report under 15 U.S.C. § 2064(b) is a continuing violation – and persuasively answered in the affirmative. "In our view, the terms and purpose of [§ 2064(b)] leave no doubt that the failure to report a defect is a wrong that continues beyond a company's initial failure to report." United States v. Spectrum Brands, Inc., 924 F.3d 337, 351 (7th Cir. 2019). In support of its conclusion that the nature of the crime shows the intent to make it a continuing violation, the Seventh Circuit noted that "the duty [to report] is tied to the [Consumer Product Safety] Commission's awareness of the defect rather than the passage of any arbitrary period of time." Id. at 352.

> There is no reason to think that the company's dereliction of its duty is a one-time defalcation that is complete for statute of limitations purposes once 24 hours have passed without the filing of a report. The statutory obligation, after all, is to convey information to the Commission so that it may take action as necessary to protect the public from the potential harm posed by the company's product.
>
> . . .

> Nothing about the significance of that information or the need for governmental intervention changes with the passage of time in and of itself: So long as the defective product is offered for sale and otherwise remains in use by consumers, the potential danger presented by the product and the need for action to address that danger remain unabated. Thus, although a product distributor may have breached its obligation under [§ 2064(b)] by sitting on information regarding a product hazard for more than 24 hours, its transgression continues so long as it fails to file the requisite report with the CPSC.

Id. at 351.

In short, the point of § 2064(b) is to compel manufacturers and distributers to inform the Consumer Product Safety Commission of seriously defective products as soon as possible so that action can be taken if needed. Further harm occurs each day that the CPSC remains unaware of potential serious defects and has no opportunity to take action to protect the safety of the public. For this reason, the Court concludes, consistent with the reasoning of the Seventh Circuit, that Congress must have intended for violations of § 2064(b) to be continuing ones.

Vagueness

Defendants' vagueness challenge is, in some respects, somewhat vague itself. It is clear that Defendants believe that the requirement in 15 U.S.C. § 2064(b)[1] that certain product defects be reported "immediately" is unconstitutionally vague as to the amount of time an individual has to comply. They also at times appear to challenge other aspects of the statute. See Mot. at 8:13-20 (appearing to suggest that the statute does not provide sufficient notice of what defects need to be reported). In any event, Defendants' vagueness challenge fails.

---

[1] Knowing and willful violations of § 2064(b) are criminal. 15 U.S.C. § 2070(a).

4

> Every manufacturer of a consumer product . . . distributed in commerce, and every distributor and retailer of such product, who obtains information which reasonably supports the conclusion that such product –
>
> > (1) fails to comply with an applicable consumer product safety rule or with a voluntary consumer product safety standard upon which the Commission has relied under section 2058 of this title;
> >
> > (2) fails to comply with any other rule, regulation, standard, or ban under this chapter or any other Act enforced by the Commission;
> >
> > (3) contains a defect which could create a substantial product hazard described in subsection (a)(2);[2] or
> >
> > (4) creates an unreasonable risk of serious injury or death,
>
> shall immediately inform the Commission of such failure to comply, of such defect, or of such risk, unless such manufacturer, distributor, or retailer has actual knowledge that the Commission has been adequately informed of such defect, failure to comply, or such risk.

15 U.S.C. § 2064(b).

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." Holder v. Humanitarian L. Project, 561 U.S. 1, 18 (2010). However, one "who engages in some conduct that is clearly proscribed cannot

---

[2] *I.e.*, "a product defect which (because of the pattern of defect, the number of defective products distributed in commerce, the severity of the risk, or otherwise) creates a substantial risk of injury to the public." 15 U.S.C. § 2064(a)(2).

complain of the vagueness of the law as applied to the conduct of others." Id. at 18-19; Kashem v. Barr, 941 F.3d 358, 375 (9th Cir. 2019) ("[A]s a general matter, a defendant who cannot sustain an as-applied vagueness challenge to a statute cannot be the one to make a facial vagueness challenge to the statute"). Further, "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." Id. at 19.

Defendants' challenge fails, if for no other reason, because the conduct they are alleged to have engaged in is clearly proscribed by the statute. Whatever amount of time "immediately" might be in the abstract, the six months it took Defendants to report does not qualify under any reasonable definition. And to the degree that Defendants are challenging the statute's clarity regarding the level of seriousness that requires a defect to be reported, the government alleges that Defendants were aware that their humidifiers could catch fire and did not meet required standards for fire retardance. Indictment ¶¶ 14-20. This obviously satisfies the statute's standard that a defect must be reported if it is a substantial product hazard or creates an unreasonable risk of serious injury or death.

Similarly, Defendants' argument that the statute invites arbitrary prosecution fails because Defendants "cannot claim that an impermissibly vague statute has resulted in arbitrary enforcement when their conduct falls well within the provision's prohibited conduct." United States v. Melgar-Diaz, 2 F.4th 1263, 1270 (9th Cir. 2021) (simplified).

Conclusion

The motions to dismiss Counts 1 and 2 of the Indictment are DENIED.

IT IS SO ORDERED.

Date: July 25, 2023

*Dale S. Fischer*

Dale S. Fischer
United States District Judge